**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2979
_____

PAMELA BOND,
Appellant

v.

STATE FARM INSURANCE COMPANY
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 1-18-cv-00176)
Magistrate Judge:  Honorable Richard A. Lanzillo
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 12, 2021

Before:  GREENAWAY, JR., KRAUSE, and BIBAS, Circuit Judges

(Opinion filed: February 25, 2021)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pamela Bond appeals the District Court's order granting summary judgment in favor of State Farm. For the reasons below, we will affirm the District Court's judgment.

The procedural history of this case and the details of Bond's claims are well known to the parties, as set forth in the District Court's memorandum opinion, and need not be discussed at length. Briefly, Bond bought a house in July 2017 and purchased an insurance policy with Appellee State Farm. In December 2017, she filed an insurance claim. After viewing photos of the house that had been taken before Bond bought it, State Farm denied her claim because the conditions underlying her claim were either non-existent or present when she bought the house.

In her amended complaint filed in the District Court, Bond alleged that State Farm breached its contract with her and violated federal law when it denied her claim on her homeowner's insurance policy. Bond alleged that vandals had removed and changed doors, changed the bathtub twice, caused a beetle infestation, nailed molding into valuable wood paneling, fed rodents, and made holes in the walls and floors. Appellee State Farm moved for summary judgment. The District Court granted summary judgment in favor of the Appellees, and Bond filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291 and exercise de novo review over the District Court's order granting summary judgment. Razak v. Uber Techs., Inc., 951 F.3d 137, 144 (3d Cir. 2020).[1] A grant of summary judgment will be affirmed if our review

_____

[1] The District Court dismissed Bond's claims that State Farm violated several federal

reveals that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We must view the evidence in the light most favorable to Bond as the non-moving party, and all inferences must be drawn in her favor. Razak, 951 F.3d 144. As noted by the District Court, Bond had the burden of showing that her claim fell within the policy's coverage. Gen. Refractories Co. v. First State Ins. Co., 855 F.3d 152, 158 (3d Cir. 2017).

The District Court thoroughly described Bond's allegations, the parties' evidentiary submissions, and the relevant law. We have little to add to its analysis. In support of its motion for summary judgment, Appellee submitted a report from an investigator. He opined that "based on years of restoration experience and to a reasonable degree of restoration certainty, it is our professional opinion that we observed no evidence of vandalism or a current infestation of voles or wood beetles." He provided over a hundred pages of pictures and diagrams in support of his report. As explained by the District Court in its opinion, Bond did not provide any material evidence beyond her conclusory allegations.

In response to a summary judgment motion, a litigant cannot rely on suspicions, simple assertions, or conclusory allegations. Ness v. Marshall, 660 F.2d 517, 519 (3d Cir. 1981). Nor can a summary judgment motion be defeated by speculation and conjecture, see Wharton v. Danberg, 854 F.3d 234, 244 (3d Cir. 2017), or conclusory,

---

laws. Bond does not challenge this dismissal on appeal.

3

self-serving affidavits, see Gonzalez v. Sec'y of Dep't of Homeland Sec., 678 F.3d 254, 263 (3d Cir. 2012). Bond simply did not submit any evidence that the alleged damage to her property was covered by her insurance policy. In light of the report submitted by Appellees, her assertions that her property was damaged by vandals after she purchased it are not sufficient to create a genuine dispute of material fact. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986) ("The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.").

In her brief on appeal, Bond repeats her assertions from her complaint that items were stolen from the home, siding was pounded into the wood, there was a beetle infestation, etc. She does not address or challenge the District Court's conclusion that she did not present sufficient evidence to defeat the motion for summary judgment.

For the above reasons, we will affirm the District Court's judgment.